"This case is before us on defendant’s motion for summary judgment. It arises out of the same federal program for assisting local low-rent housing construction that was involved in our recent case, Correlated Development Corp. v. United States, 214 Ct. Cl. 106, 556 F. 2d 515 (1977). Plaintiffs here supplied construction materials and labor that Namekagon Development Corporation, the general contractor, incorporated into one such housing project on Indian reservation land in Minnesota. Under the program, the United States, through its Department of Housing and Urban Development (HUD), extended financial assistance to the local housing authority (LHA) on the project. The LHA in this case, the Bois Forte Reservation Housing Authority, entered a 'Consolidated Annual Contribution Contract’ for federal assistance, which enabled it to finance construction by Namekagon, plaintiffs’ customer. Namekagon never completed the project, however, because the LHA prematurely terminated construction and wrongfully ejected the contractor from the reservation. Namekagon won the resultant lawsuit for breach of contract against the LHA, Namekagon Development Corp. v. Bois Forte Reservation Housing Authority, No. 5-74-20 (D.Minn., filed Oct. 9, 1974) (mem), but the claim it filed against the United States, based on HUD’s Consolidated Contract, was transferred to this court because the district court determined that it lacked Tucker Act jurisdiction over contract claims whose amount in controversy exceeded $10,000. A trial in that case here became unnecessary because Namekagon agreed to liquidate its claim, as well as its entitlement under the district court’s judgment, for the Government’s payment of some $66,000, in addition to payments already received from the LHA.
"Despite plaintiffs’ ambiguous allegation perhaps saying that they participated in that suit, their names appear nowhere in that court’s records. Plaintiffs now sue the United States to recover the damages allegedly suffered as a result of the LHA’s breach of its contract with Namekagon, and the Government moves for summary *822 judgment. Plaintiffs have filed only their petition, but have not filed a brief in opposition to the Government’s motion within the time allowed. Our understanding of their position is based, therefore, on the scant record submitted to us. That record persuades us that the Government’s motion should be granted.
"Plaintiffs appear first to base their privity of contract with the United States on the theory that the Government so regularly participated in the contracting process, and approved these particular supply contracts between plaintiffs and Namekagon, that plaintiffs could reasonably expect the Government to assume the LHA or Namekagon’s contractual duties in the event that either defaulted. We rejected a similar theory in Correlated Development where we held that the Government’s approval of the sale contract between the LHA and the general contractor did not create privity of contract between the contractor and the Government. Correlated Development Corp. v. United States, supra, 214 Ct.Cl. at 122, 556 F.2d at 525, relying on Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972). In that light the same result seems inevitable here where the parties that seek to establish privity rely solely on their contract with the general contractor, even one step further removed from the Government than in the precedent cases.
"Plaintiffs next aver that they are third-party beneficiaries of the Government’s promise in section 13 of the Consolidated Contract to continue the project and to perform the contract itself in the event that the LHA defaulted. That paragraph further states that
* * * The provisions of this paragraph are made with, and for the benefit of, the seller and his assignees who will have been specifically approved by the Government prior to such assignment. To enforce the performance of this provision the seller and such assignees, as well as the local Authority, shall have the right to proceed against the Government by action at law or suit in equity.
Correlated Development did not require that we determine which parties are extended a right of action against the Government by this language, because there the LHA had *823 not breached the contract as is necessary to invoke the clause. Here, in contrast, the district court held that there was a breach, but these plaintiffs still lack a right of action against the United States because we do not read the section to embrace them as "sellers” under the contract. Although we have not seen copies of plaintiffs’ supply contracts with Namekagon, as we found so helpful in Housing Corp. of America, it appears from the context that only Namekagon was the seller in this project, not plaintiffs. Plaintiffs were not, as Namekagon’s suppliers, made assignees of the entire contract who would have been entitled to the rights of a seller, nor could the Government’s mere approval of their supply contracts confer these rights upon them. Finally, since plaintiffs lack a right of action against the Government, they cannot fashion a quantum meruit theory to fill the void.
"On the alternative assumption that Namekagon was or should have been prosecuting its claim on behalf of its laborers and material men as well as on its own behalf, all Namekagon’s claims against the Government were finally settled by this court’s order and judgment of June 25, 1976. The principle of res judicata bars plaintiffs from reopening this cause of action. Seaboard Air Line Ry. v. United States, 59 Ct. Cl. 250 (1924), aff’d 273 UN. 672 (1927).
"Accordingly, upon consideration of the pleadings, defendant’s motion for summary judgment, plaintiffs having declined to file oppositions thereto, and without oral argument, it is ordered that defendant’s motion for summary judgment be granted and plaintiffs’ petition dismissed.”